(December 12, 1898.)

## GEO. H. FULLER DESK COMPANY v. STATE.

[55 Pac. 857.]

RECOMMENDATORY DECISION UNDER SECTION 10, ARTICLE 5, OF CON-
STITUTION.—Where furniture for legislative halls has been pur-
chased, received and accepted, the legislature should appropriate
sufficient to pay for the same; not to do so is unfair, inequitable
and savors of repudiation.

(Syllabus by the court.)

An original proceeding under section 10 of article 5 of the
constitution.

C. C. Cavanah, for Plaintiff.

R. E. McFarland, Attorney General, for the State.

No briefs filed.

Plaintiff sold and delivered to the state certain goods—neces-
sary furniture for the use of the state legislature. It is stipu-
lated that the goods, consisting of twenty-one walnut desks
and twenty-one walnut chairs, were, when delivered, of the
value of $1,240; that said goods were furnished the defendant
in October and November, 1896; that plaintiff's account there-
for was presented to the state board of examiners in 1896, and
by said board allowed in full, and through said board pre-
sented to the legislature for its allowance and payment by ap-
propriation of public revenue to said extent; that said legis-
lature appropriated and set apart for the purpose of paying on
said account to plaintiff the sum of $700, which amount has
been paid on account for said goods, leaving a balance thereon
due to the plaintiff. Plaintiff commenced this action in this
court to obtain a recommendatory decision of this court touch-
ing plaintiff's rights, under the provisions of section 10 of
article 5 of the constitution.

QUARLES, J. (After Stating the Facts.)—The apportion-
ment act of 1893 increased the representation of the two
houses of the legislature to the extent of eighteen members

from what it was under apportionment temporarily made by the constitution. A short time prior to the convening of the fourth session of our state legislature, the executive department, in order to provide suitable desks and seats for the increased membership, ordered new desks and chairs for the senate chamber, and moved those theretofore in the senate chamber to the hall of the house of representatives. The idea, doubtless, was to have all of the desks and chairs in each house of the same material and workmanship. This was proper. The furniture procured for the senate was such as the dignity of the state and of the senate demanded—i. e., such as was suitable. It is argued that the price charged is a reasonable price. The account for the goods was presented by the plaintiff to the state board of examiners for allowance, and was by said board allowed. The legislative department accepted the goods in question, and used them. There was no appropriation or fund available out of which to pay the plaintiff's claim. The question of paying the same was presented to the legislature, and $700 appropriated to pay on said account, leaving a balance thereon of $540. Having accepted the goods, common honesty, fairness, equity, and good conscience demand that the plaintiff should be paid the balance on said claim. There is resting upon the state a legal and moral obligation to pay the claim in question. The credit and good name of the state require its payment. The legislature, if it thought the goods were unnecessary, or not worth the amount allowed by the executive department, or that they were purchased without authority, should have refused to accept the goods. Having accepted them, the legislative department ratified the act of the executive department in purchasing the goods. Now, for the state to keep said goods, and pay only a little more than half of their value, would look like repudiation and sequestration. It should be the policy of the state to meet all of its just obligations. Its failure to do so would bring it into disrepute, with the result that it would, in an emergency like the one which the executive endeavored to meet by preparing for the proper reception, convenience, and comfort of the senate and house of representatives, be unable to procure such things

as it needs.    We recommend that the claim of the plaintiff for $540, with two years' interest thereon, be paid, and direct the clerk of this court to certify this decision to the legislative department.    The attorney general concurs in the views herein expressed.

Sullivan, C. J., and Huston, J., concur.